UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN COVARRUBIAS PADILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IMMIGRATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00221-EPG<br><br>ORDER (1) DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE; AND (2) DENYING MOTION TO APPOINT PRO BONO COUNSEL<br><br>(ECF No. 3)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND AS FRIVOLOUS<br><br>(ECF No. 1).<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS</u> |

Plaintiff Juan Covarrubias Padilla proceeds *pro se* and *in forma pauperis* in this civil action filed on January 14, 2025. (ECF Nos. 1, 11). This case began in the Southern District of Indiana, but was transferred to this District on February 20, 2025, because at least some of the events in the complaint allegedly occurred here. (ECF No. 7).

While difficult to follow, Plaintiff generally asserts a conspiracy by Defendants to cause him harm, including assertions that devices were implanted inside his body. The Court concludes that the complaint is frivolous and recommends dismissal with prejudice and without leave to amend. Further, the Court will deny Plaintiff's motion to appoint pro bono counsel.

## I. SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). A federal court cannot *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton,* 504 U.S. at 33. However, a complaint may be dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith,* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF THE COMPLAINT

The complaint lists three Defendants: "Immigration," "Military Government," and "Google Company."[1] (ECF No. 1, p. 4). For the statement of his claim, Plaintiff provides the following narrative.

> After 4/16, when I was work[ing] with Dores Dairy Farm in Stevenson CA on River Rd. was where they put all the implants in my body and the chip. After that they don't stop harass me almost 9 years already and they arrest like 10 times without reasons but they put under my name a lot [of] fake charges. They break all my cars and change parts. They stolen my properties like personal, money, my identity, one of my cars, and my kids birth certificates and m[ine] too. They try kill[ing] me a lot of times, like they do with my brother . . . . They change my last name in courts, they break my back in 11/19 in Turlock, CA. They send people to hit me like 8 times in all [these] years. I open 3 family courts in San Rafael, CA to pay my child support and they ignore me all times when I was [in] court. I report everything they still doing [to] me to 4 different counties, 3 counties [were] in California and Marion County in Indiana and all time ignore me in California was Marin County, Stanislaus County, and Merced County. They have all my report[s] I make to them and I move to Indiana to restart again in 2021 but some Federal officers from California they follow me to IN. After 2015, they don't let me work in any place no more [than] 3 months. My brother . . . he pass[ed] away because they provoked the accident.

(*Id.* at 5).

Elsewhere in the complaint, Plaintiff states that the Department of Homeland Security put an "implant in my body and one chip without authorization from me." (*Id.* at 2). And in the request for relief, Plaintiff asserts that "they put [my] implants in my ass." (*Id.* at 5).

## III.    ANALYSIS

The Court recommends dismissing Plaintiff's complaint as frivolous. Although Plaintiff fails to provide much detail, he generally alleges a conspiracy among Defendants to cause him harm for no apparent reason. However, Plaintiff's allegations of a conspiracy among various ill-defined governmental and private actors are wholly incredible and delusional rather than merely unlikely. *See Ezike v. Na. R.R. Passenger Corp.,* 2009 WL 247838, at *1-3 (7th Cir. Feb. 3, 2009) (unpublished) (remanding for dismissal of complaint alleging that plaintiff was the victim of a conspiracy involving various employers, the teamsters, people of Indian descent, AMTRAK police and armed secret agents); *Monaghan v. Trebex*, 35 F. App'x 651, 651 (9th Cir. 2002) (unpublished) (affirming dismissal as frivolous where plaintiff alleged that he was "the object of a

---

[1] Some of the complaint is hard to decipher, but the Court has done its best to accurately recite Plaintiff's allegations. For readability, it has made minor alterations, such as correcting misspellings and changing punctuation, without indicating each change.

nationwide conspiracy"); *Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction").

Likewise, considered collectively, Plaintiff allegations concerning the means to harm him—including trying to kill him multiple times, changing his last name, and implanting devices in his body—are fanciful. *See Campbell v. Baca*, No. 1:12-CV-00151-LJO, 2012 WL 487034, at *2 (E.D. Cal. Feb. 14, 2012) ("Plaintiff's claim that he is the victim of a murder conspiracy relating to his status as a confidential informant, falsely accused of fake crimes relating to child molesting and murder, given a fake name, and contaminated food and water, are patently incredible and unbelievable."); *Cervantes v. State of Cal. Atty. Gen.*, No. CV F 06-0592 AWI LJO, 2006 WL 1627870, at *3 (E.D. Cal. June 8, 2006), *report and recommendation*, 2006 WL 1883348 (E.D. Cal. July 7, 2006) (noting "fanciful and delusional references [in complaint] to microchip implants").

While the Court sympathizes with Plaintiff's professed feelings of fear stemming from the complaint's allegations, "[n]o matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007).

Under the authority above, the Court concludes that Plaintiff's complaint is frivolous and recommends dismissal with prejudice. And because a frivolous complaint cannot be cured, the Court recommends denying leave to amend. *Lopez*, 203 F.3d at 1127 n.8.

**IV.   MOTION TO APPOINT COUNSEL**

Plaintiff has also filed a motion noting that Plaintiff has had "difficulty . . . contacting a lawyer for this case since 2016 because they have all my information blocked," and which effectively requests the appointment of pro bono counsel. (ECF No. 3).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will deny the motion and not order appointment of pro bono counsel. Notably, as explained above, the Court has concluded that Plaintiff's complaint is frivolous and has recommended its dismissal with prejudice and without leave to amend. Accordingly, Plaintiff has no likelihood of success on the merits and no basis to continue this case.

**V.    CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is respectfully directed to assign a District Judge to this case.
2. Plaintiff's motion to appoint pro bono counsel is denied. (ECF No. 3).

Further, IT IS RECOMMENDED as follows:

1. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice and without leave to amend as frivolous.
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including any exhibits.

\\\
\\\

5

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 27, 2025**__                    /s/ *Erica P. Grosjean*
                                                                         UNITED STATES MAGISTRATE JUDGE